Craig S. Kesch, Esq. (CK-6101)
FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
One Liberty Plaza
New York, New York  10006
Tel.:  (212) 412-9500
Fax: (212) 964-9200
ckesch@fzwz.com

  -and-

SUGHRUE MION, PLLC
Michael R. Dzwonczyk, Esq. (application for
   *pro hac vice* admission filed)
Grant S. Shackelford, Esq. (application for *pro*
   *hac vice* admission filed)
2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
Tel.: (202) 293-7060
Fax: (202) 293-7860
mdzwonczyk@sughrue.com
gshackelford@sughrue.com

*Attorneys for Plaintiff MT.DERM GmbH*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MT.DERM GmbH<br><br>            Plaintiff,<br>v.<br><br>ORELADEL BH CORP. (d/b/a NPM<br>International New-York USA)<br><br>            Defendant. | Civil Action No.: 1:17-cv-06301 (CBA)(PK)<br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MT.DERM GmbH ("MT.DERM"), by and through its attorneys, for its Complaint against Defendant ORELADEL BH CORP. d/b/a NPM International New-York USA ("Defendant" or "NPM New York"), alleges the following:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the patent laws of the United States (Title 35 U.S.C. §§ 1 *et seq.*) based upon Defendant's infringement of United States Patent No. 6,505,530.

## THE PARTIES

2.     Plaintiff MT.DERM is a corporation organized under the laws of Germany having its principal place of business at Gustav-Krone-Str. 3, 14167 Berlin, Germany.

3.     Plaintiff MT.DERM sells tattoo and permanent make-up application devices as well as needle cartridges used with these devices through a chain of distributors in the United States.  MT.DERM has all rights, title, and interest in United States Patent No. 6,505,530.

4.     Upon information and belief, Defendant NPM New York is a New York corporation having its principal place of business at 180 Walcott Ave., Staten Island, New York 10314.  Upon information and belief, NPM New York's registered agent for service is the Secretary of State of New York, and/or the designated address for service is 7001 Brush Hollow Road, Suite 214, Westbury, New York 11590.

5.     Upon information and belief, NPM New York maintains an internet website at http://www.npm-newyork.com/.

6.     Upon information and belief, NPM New York advertises and sells infringing permanent make-up application devices, such as the "ORON57 permanent makeup machine," and needle cartridges for use with the permanent make-up application devices that it markets as

2

the "NPM Line of Needles" including, without limitation, "1 RL-0.30-LT WHITE," "1 RL-0.25-ST WHITE," "3RL-0.25-LT BLUE," "3 RS-0.35-ST YELLOW," "3 RL-0.18-LT BLACK MAMBA," "5 RS-0.30-ST GREEN," "5 SLOPE-0.30-ST PINK," "5 M-0.30-ST PURPLE," "7 RS-0.30-ST TRANSPARENT," and "11 DS-0.30-ST GRAY." *See* http://www.npm-newyork.com/en/products-machines; http://www.npm-newyork.com/en/products-needles.

7.      Collectively, the permanent make-up application devices and needle cartridges sold and/or offered for sale by NPM New York, including but not limited to those identified above in Paragraph 6, are referred to as the "Infringing Products."

8.      Defendant NPM New York markets and sells devices for applying permanent make-up (PMU) and/or tattoos and needle cartridges for use with such devices, including the Infringing Products listed above in Paragraph 6, that compete with products manufactured, marketed, and sold by Plaintiff and that are the subject of this action.

## JURISDICTION AND VENUE

9.      This is an action for patent infringement.  The claims arise under the patent laws of the United States, Title 35 U.S.C. §§ 1 *et seq.*

10.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (original jurisdiction under patent laws).

11.      This Court has personal jurisdiction over Defendant NPM New York because, on information and belief, NPM New York resides in and transacts business within this district, and has committed acts of patent infringement in this district including, without limitation, the importation, offer for sale and/or sale of the Infringing Products described herein.

3

12.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, on information and belief, NPM New York resides in and has a regular and established place of business within this district and because NPM New York has conducted regular acts of infringement within this district by selling, offering to sell, and importing the Infringing Products.

## THE PATENT-IN-SUIT

13.     On February 12, 2002, Application No. 10/072,991 was filed before the United States Patent Office ("USPTO") as a continuation of Application No. 09/671,650.  On January 14, 2003 the USPTO duly and legally issued U.S. Patent No. 6,505,530 (hereinafter "the '530 Patent") entitled "Ink Application Device for Tattooing or for Making Permanent Make-Up." A true and correct copy of the '530 Patent is attached hereto as "Exhibit A."

14.     On November 4, 2015, following a reexamination requested by MT.DERM, the USPTO issued a reexamination certificate for the '530 Patent, bearing U.S. Patent No. 6,505,530 C1 ("the '530 Reexamination Certificate").  A true and correct copy of the '530 Reexamination Certificate is attached hereto as "Exhibit B."  The '530 Patent as reexamined is referred to as the "Reexamined '530 Patent."

15.     The named inventors of the Reexamined '530 Patent are Frank Adler, Walter Lisee and Gerhard Türk.

16.     The inventors assigned all right, title, and interest in the Reexamined '530 Patent to Plaintiff MT.DERM.

4

## COUNT I
### (Infringement of the Reexamined '530 Patent)

17.     The allegations of paragraphs 1-16 are repeated and re-alleged as if set forth fully herein.

18.     Defendant NPM New York has infringed one or more claims of the Reexamined '530 Patent in violation of 35 U.S.C. § 271(a), (b), and/or (c) by importing, making, selling, and offering for sale, PMU devices and/or needle cartridges for use with its PMU devices embodying the invention claimed in the Reexamined '530 Patent, including (but not limited to) the "ORON57 permanent makeup machine" and the "NPM Line of Needles," including the "1 RL-0.30-LT WHITE," "1 RL-0.25-ST WHITE," "3RO-0.25-LT BLUE," "3 RS-0.35-ST YELLOW," "3 RL-0.18-LT BLACK MAMBA," "5 RS-0.30-ST GREEN," "5 SLOPE-0.30-ST PINK," "5 M-0.30-ST PURPLE," "7 RS-0.30-ST TRANSPARENT," and "11 DS-0.30-ST GRAY."  In support of their infringement allegations, Plaintiff attaches hereto a preliminary claim chart "Exhibit C," demonstrating infringement of representative claim 1 of the Reexamined '530 Patent.[1]

19.     Defendant's permanent make-up application devices assembled with its NPM Line of Needles, including but not limted to the Infringing Products identified in Paragraph 6, include all the elements of claims 1-3, 7-12, 16-18, 25-27, 31-36, 40-42, 49-51, 55-60, 64-66, 73-75, 79-84, and 88-90 of the Reexamined '530 Patent, and therefore directly infringe these claims.

20.     The use of Defendant's permanent make-up application devices and its NPM Line of Needles, including but not limited to the Infringing Products identified in Paragraph 6,

---

[1] Plaintiff reserves the right to amend, supplement, and/or modify this preliminary chart for claim 1 of the Reexamined '530 Patent upon further investigation and discovery.

satisfies the method claims 19-24, 43-48, and 67-72 of the Reexamined '530 Patent, and therefore directly infringe these claims.

21.     Defendant has induced others to infringe at least by offering for sale on the http://www.npm-newyork.com/ website the Infringing Products, which are needle cartridges that constitute the claimed "unitary sterilized disposable module," specifically designed to be operatively inserted into permanent make-up application devices, such as the ORON57 permanent makeup machine having an integrated needle drive and a handle, constituting the claimed "basic module," and by suggesting combinations of these products in a manner that infringes one or more claims of the Reexamined '530 Patent, with full knowledge of this infringement.

22.     With knowledge of the Reexamined '530 Patent, Defendant indirectly infringes the patent by inducing and contributing to the direct infringement of a class of actors that includes end-users of the Infringing Products by selling, offering for sale, and otherwise encouraging the class of actors to use the Infringing Products, which when combined include all the elements described in one or more claims of the Reexamined '530 Patent, while aware of the fact that such acts amount to infringement of one or more claims of the Reexamined '530 Patent and with the specific intent to contribute to the infringement.

23.     The Infringing Products include components that are intended to be combined for use as a system covered by one or more of the claims of the Reexamined '530 Patent, constitute a material part of the invention, and are not a staple article or commodity of commerce suitable for non-infringing use.

24.     The infringing actions of Defendant are and have at all times been without the consent of, authority of, or license from Plaintiff.

6

25.    As a direct and proximate result of the infringement of the Reexamined '530 Patent by Defendant, Plaintiff has suffered damages in an amount which cannot yet be fully ascertained, which will be proven at trial.

26.    Upon information and belief, Defendant has knowledge of the infringement of the Reexamined '530 Patent, yet Defendant continues to infringe the Reexamined '530 Patent.

27.    On or about March 29, 2017, Defendant received but did not respond to correspondence from Plaintiff's counsel, informing Defendant of its infringement of the Reexamined '530 Patent in connection with Defendant's sales and/or offers for sale of its handheld digital permanent makeup devices, such as the ORON57, and Defendant's NPM Line of Needles offered for sale on Defendant's website (www.npm-newyork.com).

28.    Upon information and belief, on or about May 5, 2017, Defendant refused delivery of Plaintiff's subsequent correspondence informing Defendant of its infringement of the Reexamined '530 Patent in connection with Defendant's sales and/or offers for sale of its handheld digital permanent makeup devices, such as the ORON57, and Defendant's NPM Line of Needles offered for sale on Defendant's website (www.npm-newyork.com).

29.    The infringement of the '530 Patent by Defendant is knowing and willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

30.    The infringement of the Reexamined '530 Patent by Defendant has caused and continues to cause Plaintiff to suffer irreparable harm for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief.

7

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff MT.DERM respectfully requests that this Court grant the following relief:

a)      a finding that the Reexamined '530 Patent is valid and enforceable;

b)      enter judgment that Defendant NPM New York infringes and has directly, indirectly, contributorily and/or by inducement, infringed the Reexamined '530 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

c)      enter judgment that this action for infringement is an exceptional case under 35 U.S.C. § 285, and award Plaintiff reasonable attorneys' fees and costs;

d)      enter judgment that the infringement of the Reexamined '530 Patent by Defendant has been willful, and award Plaintiff treble damages under 35 U.S.C. § 284;

e)      order Defendant to pay damages adequate to compensate Plaintiff for Defendant's infringement of the Reexamined '530 Patent pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

f)      enter judgment permanently enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all other persons and entities acting in concert or participation with them, from infringing, inducing others to infringe or contributing to the infringement of the Reexamined '530 Patent;

g)      in the event a permanent injunction is not granted, determine the conditions for future infringement or grant such other relief as the Court deems appropriate; and

h)      award Plaintiff such further relief as this Court deems just and proper.

8

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable, pursuant to Fed. R.

Civ. P. 38.

DATED:  New York, New York
January *10*, 2018

Respectfully submitted,

FLEMMING ZULACK WILLIAMSON
ZAUDERER LLP

By: _____
     Craig S. Kesch, Esq. (CK-6101)
     One Liberty Plaza
     New York, New York  10006
     Tel.:  (212) 412-9500
     Fax: (212) 964-9200
     ckesch@fzwz.com

     -and-

SUGHRUE MION, PLLC
Michael R. Dzwonczyk, Esq. (application for
     *pro hac vice* admission filed)
Grant S. Shackelford, Esq.(application for *pro
     hac vice* admission filed)
2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
Tel.: (202) 293-7060
Fax: (202) 293-7860
mdzwonczyk@sughrue.com
gshackelford@sughrue.com

*Attorneys for Plaintiff MT.DERM GmbH*

9